IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY JEROME BAHATI, a/k/a "Pooh Bear,"<br>MALIK D. BAHATI, II, a/k/a "Man Down,"<br>JOHNNY L. CHATMON, IV, a/k/a "JD,"<br>DESHAWN P. JACKSON,<br>JAQUERIS J. ALLEN,<br>MCKEITH M. BINGHAM,<br>KEVIN RASHAD PIERCE,<br>LAMAR D. GLOVER, a/k/a, "Mar Mar,"<br>KAVION WRIGHT, a/k/a "KV,"<br>CAMERON J. WILLIAMS,<br>DARNELL L. MATTHEWS,<br>NOAH MCINTOSH, and<br>ANTREVION MCNICHOLS,<br><br>Defendants. | 8:25CR235<br><br>INDICTMENT<br><br>18 U.S.C. § 1959(a)(1)<br>18 U.S.C. § 1959 (a)(3)<br>18 U.S.C. § 1959 (a)(5)<br>18 U.S.C. § 1959(a)(6)<br>18 U.S.C. § 924(j)<br>18 U.S.C. § 924 (c)(1)(A)(iii)<br>18 U.S.C. § 924 (c)(1)(A)(i)<br>18 U.S.C. § 924(o)<br>18 U.S.C. § 924(a)(8)<br>18 U.S.C. § 922(g)(1)<br>18 U.S.C. § 2<br>18 U.S.C. § 3<br>18 U.S.C. § 4<br>18 U.S.C. § 933(a)(3) & (b)<br>18 U.S.C. § 841(a)(1) & (b)(1)(C) |

The Grand Jury charges that

**General Allegations**

At all times relevant to this Indictment:

1. The Crips were a Los Angeles, California, based violent street gang with members located throughout the United States, including Nebraska. Members and associates of the Crips engaged in acts of violence, including acts involving murder, and assault, and other criminal activities such as narcotics trafficking, identity fraud, and the straw purchasing and illegal use of firearms. Participation in criminal activity by a Crips member or associate, especially violence directed at rival gangs, increased the respect accorded to an individual member or associate and

could result in a promotion to a leadership position. Members and associates of the Crips purchased, maintained, and circulated firearms for use in criminal activity.

2. The Crips gang was organized into subunits, known as "sets," "cets," "cliques," or "cliccs." Crips sets were self-governing entities that tended to have a loose organizational structure. However, Crips sets typically distinguished leaders of a particular set from other members and associates of that set. One such Crips set in Omaha, Nebraska, was the Omaha Crips 4s set. The set was comprised of persons affiliated with subsets known as the 40th Ave Crips and 44th Avenue Crips. Those subsets merged to form the Omaha Crips 4s that their leaders, members and associates refer to as the "4's." Members and associates of the Omaha Crips 4s flash a "4" sign with their hands to indicate affiliation with the set.

3. The Omaha Crips 4s included various tiers of members that generally reflected members' age and length of membership in the gang. Senior leaders were referred to as the "Big Homies" or "generals" and were the senior "shot callers." Leaders could issue a "blue light," that is, an order to murder persons perceived to have harmed, disrespected, or otherwise acted against the gang and its members and associates. The lowest tier of members within the Omaha Crips 4s were referred to as "NewGen." Senior leaders issued orders to mid-tier members that, in turn, gave orders to NewGen members.

4. Members and associates of the Omaha Crips 4s were expected to protect the name, reputation, and status of the Crips and its respective sets from rival gangs and other persons. Members and associates of the Omaha Crips 4s were expected to use any means necessary, including acts of violence and intimidation, to force respect from rival gangs and other individuals perceived as a threat to the gang or its reputation. One of the core rules of the Omaha Crips 4 was the prohibition of cooperation with law enforcement authorities.

5. Members and associates of the Omaha Crips 4s were expected and encouraged to commit acts of violence to gain and maintain membership, status, and discipline within the gang, including committing acts of violence against rival gang members, those perceived to be rival gang members, those perceived to pose a threat to the gang or its reputation, and also internally against members and associates who violated the gang's rules. Participating in violent crimes increased the level of respect accorded to a member or associate and resulted in the member or associate maintaining or increasing his position within the gang.

6. Members and associates of the Omaha Crips 4s used, carried, and possessed firearms, including semi-automatic pistols and assault-style firearms. Members and associates frequently posted photographs of themselves on social media accounts possessing, carrying, and brandishing firearms. Members and associates of the Omaha Crips 4s used, carried, and possessed firearms to defend themselves and the gang, to intimidate others, and to commit violent acts against "opp's" targets, that is, rival gangs, rival gang territory, and other criminal organizations and persons perceived as opponents of the Crips and the Omaha Crips 4s set.

7. Members and associates of the Omaha Crips 4s stole vehicles and parked stolen vehicles at a "drop site" from where gang members and associates could retrieve and use such vehicles to commit violent crimes, including shootings.

8. Members and associates of the Omaha Crips 4s communicated about gang activities with other members and associates using cellphones, text messaging, social media, such as Instagram, and other modes of communication.

9. Members and associates of the Omaha Crips 4s frequently recruited minors under the age of 18 and encouraged them to commit criminal activity, such as acts of violence and drug trafficking, on behalf of the gang.

The Enterprise

10. At all times relevant to this Indictment, the Omaha Crips 4s, including its leaders, members, and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce (hereinafter "the Omaha Crips 4s" or "the enterprise") ". The Omaha Crips 4s constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. At all times relevant to this Indictment, Omaha Crips 4s enterprise operated in the District of Nebraska and elsewhere.

11. Defendants GREGORY JEROME BAHATI a/k/a "Pooh Bear," MALIK D. BAHATI, II, a/k/a "Man Down," JOHNNY L. CHATMON, IV, a/k/a "JD," DESHAWN P. JACKSON, JAQUERIS J. ALLEN, MCKEITH M. BINGHAM, KEVIN RASHAD PIERCE, LAMAR D. GLOVER, a/k/a "Mar Mar," KAVION WRIGHT, a/k/a "KV," CAMERON J. WILLIAMS, DARNELL L. MATTHEWS, NOAH MCINTOSH, and ANTREVION MCNICHOLS, and others, both known and unknown to the Grand Jury, were members and associates of Omaha Crips 4s enterprise.

Purposes of the Enterprise

12. The purposes and objectives of the Omaha Crips 4s enterprise included, but were not limited to:

  a. enriching members and associates of the enterprise through, among other things, trafficking of firearms and distribution of narcotics;

  b. preserving and protecting the power, territory, and profits of the enterprise through the use of intimidation, violence, and threats of violence, including

4

    the commission of acts involving murder and assault;

c. promoting and enhancing the enterprise and its members' and associates' activities; and

d. keeping victims and witnesses in fear of the enterprise and in fear of its members and associates through acts and threats of violence.

<u>Means and Methods of the Enterprise</u>

13. Among the means and methods by which members and associates of the Omaha Crips 4senterprise conducted and participated in the conduct of the affairs of the enterprise were the following:

a. members and associates of the enterprise used intimidation, threats of violence, and violence, including acts involving murder, and assault, to preserve, expand, and protect the enterprise and its territory and activities; to promote and enhance its prestige, reputation, and position in the community; and to discipline enterprise members and associates perceived to have been disloyal to the gang or to have violated gang rules;

b. members and associates of the enterprise illegally acquired, possessed, shared, carried, and used deadly weapons, including firearms, to harm and kill rivals and in furtherance of their crimes of violence;

c. members and associates of the enterprise attended gang meetings and communicated with other members and associates to discuss, among other things, the structure and organization of the gang; past criminal acts committed against rival gang members and others; leaders, members, and associates who had been arrested and incarcerated; discipline of gang

        members who had violated gang rules; and plans and agreements regarding the commission of future crimes and concealment of those and previously committed crimes;

   d.   members and associates of the enterprise communicated with one another and represented their gang allegiance through social media applications, such as Instagram and Snapchat, including by posting photographs of themselves with other gang members and associates, displaying gang hand signs, wearing colors and clothing associated with the enterprise, posing with weapons, and sending and posting messages and videos referencing their affiliation with the enterprise;

   e.   members and associates of the enterprise used social media, such as Instagram, to threaten and intimidate rivals, those perceived to have cooperated with law enforcement, and those perceived to have disrespected the enterprise and its members and associates;

   f.   members and associates of the enterprise stole and attempted to steal vehicles for use by the enterprise; and

   g.   members and associates of the enterprise recruited and attempted to recruit minors to join the enterprise and encouraged minors to commit criminal activity on behalf of the enterprise.

## COUNT ONE

*(Murder of S.H. in Aid of Racketeering)*

14. At all times relevant to this Indictment, the Omaha Crips 4s, as more fully described in paragraphs one to 13 of this Indictment, including its leaders, members, and associates,

constituted an "enterprise" as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

15. At all times relevant to this Indictment, the Omaha Crips 4s, including its leaders, members, and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, (1) acts involving murder, chargeable under Nebraska Revised Statutes Sections 28-303, 28-304, 28-206, 28-201, and 28-202; (2) acts indictable under Title 18, United States Code, Section 933 (relating to trafficking in firearms); and (3) offenses involving drug trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

16. On or about September 8, 2024, in the District of Nebraska and elsewhere, defendants, GREGORY "GREG" BAHATI, A/K/A "Pooh Bear," and KAVION WRIGHT, A/K/A "KV," and others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Omaha Crips 4s, an enterprise engaged in racketeering activity, did murder S.H., in violation of Nebraska Revised Statutes 28-303, 28-304, and 28-206, and did aid, abet, counsel, command, induce, and cause each other and others to commit said offense.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT TWO

### *(Attempted Murder in Aid of Racketeering and Assault with a Dangerous Weapon in Aid of Racketeering – Person #1 and Person #2)*

17. On or about September 8, 2024, in the District of Nebraska and elsewhere, defendants, GREGORY "GREG" BAHATI, A/K/A "Pooh Bear," and KAVION WRIGHT, A/K/A "KV," and others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Omaha Crips 4s, an enterprise engaged in racketeering activity, did attempt to murder Person #1 and Person #2 in violation of Nebraska Revised Statutes Sections 28-303, 28-304, 28-308, 28-309, 28-201, and 28-206, and did assault Person #1 and Person #2 with a dangerous weapon, in violation of Nebraska Revised Statutes Sections 28-309 and 28-206, and did aid, abet, counsel, command, induce, and cause each other and others to commit said offenses.

All in violation of Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5), and 2.

## COUNT THREE

### *(Murder by Firearm)*

18. On or about September 8, 2024, in the District of Nebraska, defendants, GREGORY "GREG" BAHATI, A/K/A "Pooh Bear," and KAVION WRIGHT, "KV," and other members and associates of Omaha Crips 4s, both known and unknown to the Grand Jury, did knowingly and intentionally use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which each may be prosecuted in a court of the United States, namely, the murder of S.H.. in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2, as set forth and charged in Count One of this Indictment, and in the course of committing said offense, did cause the death of S.H. through the use of a firearm, which killing

was murder, as defined in Title 18, United States Code, Section 1111, and did aid, abet, counsel, command, induce, and cause each other and others to commit said offense.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), (j)(1), and 2.

## COUNT FOUR

*(Misprision of a Felony: Murder in Aid of Racketeering)*

19. On or about September 8, 2024 in the District of Nebraska and elsewhere, the defendant, MALIK D. BAHATI II, a/k/a "Man Down," having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit, the Murder in Aid of Racketeering violation alleged in Count One, did conceal the same by participating in a physical fight with rival Bloods gang members and affiliates to assist in causing a distraction for the shooter and then providing the getaway vehicle and assisting the murder and the individual who ordered the murder with fleeing the area, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States.

In violation of Title 18, United States Code, Section 4.

## COUNT FIVE

*(Accessory After the Fact: Murder in Aid of Racketeering)*

20. On or about September 8, 2024 in the District of Nebraska and elsewhere, the defendant, MALIK D. BAHATI II, a/k/a "Man Down," knowing that an offense against the United States has been committed, to wit, the Murder in Aid of Racketeering violation alleged in Count One, did receive, relieve, comfort, and assist the offenders, GREGORY "Greg" BAHATI, a/k/a "Pooh Bear" and KAVION WRIGHT, a/k/a "KV," in order to hinder and prevent the offender's apprehension, trial, and punishment.

In violation of Title 18, United States Code, Section 3.

## COUNT SIX

### *(Conspiracy to Commit Assault with a Dangerous Weapon)*

21.     Between on or about April 13, 2024 and continuing to on or about May 1, 2024, in the District of Nebraska and elsewhere, defendants, JOHNNY L. CHATMON, IV, and DESHAWN JACKSON, and other members and associates of the Omaha Crips 4s, both known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Omaha Crips 4s, an enterprise engaged in racketeering activity, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others, both known and unknown to the Grand Jury, to assault Victim JR and Victim KR, with a dangerous weapon, that is, a firearm, in violation of the laws of the State of Nebraska, to wit, Nebraska Revised Statute 28-308, 28-309, 28-206 and did aid, abet, counsel, command, induce, and cause each other and others to commit said offenses..

All in violation of Title 18, United States Code, Section 1959(a)(6) and Section 2.

## COUNT SEVEN

### *(Assault with a Dangerous Weapon in Aid of Racketeering)*

22.     On or about April 13, 2024, in the District of Nebraska, the defendants, JOHNNY L. CHATMON and DESHAWN JACKSON, and others known and unknown to the Grand Jury, each aiding and abetting each other, for the purpose of gaining entrance to and maintaining and increasing position in the Omaha Crips 4s, an enterprise engaged in racketeering activity, did unlawfully, knowingly, and intentionally assault JR and KR with a dangerous weapon, that is, a firearm, in violation of Nebraska Revised Statute 28-308, 28-309, and 28-206 and did aid, abet, counsel, command, induce, and cause each other and others to commit said offenses..

All in violation of Title 18, United States Code, Section 1959(a)(3) and Section 2.

## COUNT EIGHT

### *(Discharge of a Firearm During and in Relation to a Crime of Violence)*

23.     On or about April 13, 2024, in the District of Nebraska, defendant, JOHNNY L. CHATMON, IV, did knowingly use, carry, and discharge a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, assault with a dangerous weapon in aid of racketeering charged in Count Seven of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii).

## COUNT NINE

### *(Felon in Possession of a Firearm)*

24.     On or about May 1, 2024, in the District of Nebraska, the defendant, DESHAWN JACKSON, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, possession of a firearm by a prohibited person in Douglas County District in October, 2019, did knowingly possess and receive a firearm, that is, a black in color 9 mm Ruger handgun, said firearm having been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT TEN

### *(Conspiracy to Commit Assault with a Dangerous Weapon)*

25.     Between on or about May 1, 2024, and continuing to on or about October 16, 2025, in the District of Nebraska and elsewhere, defendants, KAVION WRIGHT, A/K/A "KV," MALIK BAHATI, A/K/A "Man Down," CAMERON WILLIAMS, LAMAR GLOVER, A/K/A "Mar Mar," and other members and associates of the Omaha Crips 4s, both known and unknown

11

to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Omaha Crips 4s, an enterprise engaged in racketeering activity, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others, both known and unknown to the Grand Jury, to assault Victim DR and Victim SM, with dangerous weapons, that is, firearms, in violation of Nebraska Revised Statute 28-308, 28-309, and 28-206 and did aid, abet, counsel, command, induce, and cause each other and others to commit said offenses.

All in violation of Title 18, United States Code, Section 1959(a)(6) and Section 2.

## COUNT ELEVEN

### *(Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering)*

26.  On or about June 2, 2024, in the District of Nebraska, and for the purpose of gaining entrance to and maintaining and increasing position in the Omaha Crips 4s gang, an enterprise engaged in racketeering activity, the defendants, KAVION WRIGHT, LAMAR GLOVER, A/K/A "Mar Mar," and CAMERON WILLIAMS, aiding and abetting each other, together with others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally attempt to murder Victim SM and other victims known and unknown to the grand jury, including minor victims, in violation of Nebraska Revised Statutes Sections 28-303, 28-304, 28-308, 28-309, 28-201, and 28-206, and did assault Victim SM and other victims known and unknown to the grand jury, including minor victims, with a dangerous weapon, in violation of Nebraska Revised Statutes Sections 28-309, 28-308, and 28-206, and did aid, abet, counsel, command, induce, and cause each other and others to commit said offenses.

All in violation of Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5), and 2.

## COUNT TWELVE

### *(Discharge of a Firearm, During and In Relation to a Crime of Violence)*

27. On or about June 2, 2024, in the District of Nebraska, defendant, KAVION WRIGHT, A/K/A "KV," did knowingly use, carry, and discharge a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, the attempted murder and assault with a dangerous weapon in aid of racketeering charge alleged in Count Eleven.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

## COUNT THIRTEEN

### *(Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering)*

28. On or about June 9, 2024, in the District of Nebraska, and for the purpose of gaining entrance to and maintaining and increasing position in the Omaha Crips 4s gang, an enterprise engaged in racketeering activity, the defendants, KAVION WRIGHT, A/K/A "KV," and CAMERON WILLIAMS, aiding and abetting each other, together with others known and unknown to the grand jury, did, unlawfully, knowingly, and intentionally attempt to murder Victim DR and other victims known and unknown to the grand jury, in violation of Nebraska Revised Statutes Sections 28-303, 28-304, 28-308, 28-309, 28-201, and 28-206, and did assault Victim DR and other victims known and unknown to the grand jury, with a dangerous weapon, in violation of Nebraska Revised Statutes Sections 28-309, 28-308, and 28-206, and did aid, abet, counsel, command, induce, and cause each other and others to commit said offenses.

All in violation of Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5), and 2.

## COUNT FOURTEEN

*(Discharge of a Firearm, During and In Relation to a Crime of Violence)*

29.  On or about June 9, 2024, in the District of Nebraska, defendant, KAVION WRIGHT, A/K/A "KV," did knowingly use, carry, and discharge a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, the attempted murder and assault with a dangerous weapon in aid of racketeering charge alleged in Count Thirteen.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

## COUNT FIFTEEN

*(Conspiracy to Commit Assault with a Dangerous Weapon)*

30.  Between on or about March 25, 2025, and continuing to on or about November 5, 2025, in the District of Nebraska and elsewhere, defendants, MALIK D. BAHATI, II, a/k/a "Man Down," JOHNNY L. CHATMON, IV, a/k/a "JD," DESHAWN P. JACKSON, JAQUERIS J. ALLEN, MCKEITH M. BINGHAM, KEVIN RASHAD PIERCE, DARNELL L. MATTHEWS, and ANTREVION MCNICHOLS, and other members and associates of the Omaha Crips 4s, both known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Omaha Crips 4s, an enterprise engaged in racketeering activity, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others, both known and unknown to the Grand Jury, to assault Victim BC, Victim AE, a minor victim under the age of twelve years known to the grand jury, and Victim MP, with dangerous weapons, that is, firearms, in violation of Nebraska Revised Statute 28-308, 28-309, and 28-206 and did aid, abet, counsel, command, induce, and cause each other and others to commit said offenses.

14

All in violation of Title 18, United States Code, Sections 1959(a)(6) and 2.

## COUNT SIXTEEN

*(Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering)*

31.  On or about March 25, 2025, in the District of Nebraska, and for the purpose of gaining entrance to and maintaining and increasing position in the Omaha Crips 4s gang, an enterprise engaged in racketeering activity, the defendants, MALIK D. BAHATI, II, a/k/a "Man Down," JAQUERIS J. ALLEN, MCKEITH M. BINGHAM, DARNELL L. MATTHEWS, and ANTREVION MCNICHOLS, aiding and abetting each other, together with others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally attempt to murder Victim DR and other victims known and unknown to the grand jury, in violation of Nebraska Revised Statutes Sections 28-303, 28-304, 28-308, 28-309, 28-201, and 28-206, and did assault Victim MP, with a dangerous weapon, in violation of Nebraska Revised Statutes Sections 28-309, 28-308, and 28-206, and did aid, abet, counsel, command, induce, and cause each other and others to commit said offenses.

All in violation of Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5), and 2.

## COUNT SEVENTEEN

*(Possession and Discharge of a Firearm, in Furtherance of a Crime of Violence)*

32.  On or about March 25, 2025, in the District of Nebraska, defendants, MCKEITH BINGHAM, JAQUERIS ALLEN, and DARNELL MATTHEWS did knowingly possess a firearm, that is, multiple 10 mm handguns, in furtherance of a crime of violence for which the defendants may be prosecuted in a court of the United States, that is, the assault with a dangerous weapon in aid of racketeering and attempted murder in aid of racketeering charge alleged in Count Sixteen.

33. It is further alleged that MCKEITH BINGHAM did discharge a firearm in furtherance of the same crime of violence alleged in Count Sixteen.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and (iii) and 2.

## COUNT EIGHTEEN

*(Assault with a Dangerous Weapon and Attempted Murder in Aid of Racketeering)*

34. On or about March 25, 2025, in the District of Nebraska, and for the purpose of gaining entrance to and maintaining and increasing position in the Omaha Crips 4s gang, an enterprise engaged in racketeering activity, the defendants, MALIK D. BAHATI, II, a/k/a "Man Down," JAQUERIS J. ALLEN, MCKEITH M. BINGHAM, KEVIN RASHAD PIERCE, DARNELL L. MATTHEWS, and ANTREVION MCNICHOLS, aiding and abetting each other, together with others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally attempt to murder Victim DR and other victims known and unknown to the grand jury, in violation of Nebraska Revised Statutes Sections 28-303, 28-304, 28-308, 28-309, 28-201, and 28-206, and did assault Victim BC, Victim AE, a minor victim under the age of twelve years known to the grand jury, with a dangerous weapon, in violation of Nebraska Revised Statutes Sections 28-309, 28-308, and 28-206, and did aid, abet, counsel, command, induce, and cause each other and others to commit said offenses.

All in violation of Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5), and 2.

## COUNT NINETEEN

### *(Possession and Discharge of a Firearm, in Furtherance of a Crime of Violence)*

35. On or about March 25, 2025, in the District of Nebraska, defendants, MCKEITH BINGHAM, JAQUERIS ALLEN, KEVIN PIERCE, and DARNELL MATTHEWS did knowingly possess a firearm, that is, multiple 10 mm handguns, in furtherance of a crime of violence for which the defendants may be prosecuted in a court of the United States, that is, the assault with a dangerous weapon in aid of racketeering and attempted murder in aid of racketeering charge alleged in Count Sixteen.

36. It is further alleged that MCKEITH BINGHAM and KEVIN PIERCE did discharge a firearm in furtherance of the same crime of violence alleged in Count Sixteen.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and (iii) and Section 2.

## COUNT TWENTY

### *(Attempted Assault with a Dangerous Weapon)*

37. On or about September 25, 2025, in the District of Nebraska, and for the purpose of gaining entrance to and maintaining and increasing position in the Omaha Crip 4's, an enterprise engaged in racketeering activity, the defendants, LAMAR GLOVER, a/k/a "Mar Mar," and NOAH MCINTOSH, aiding and abetting each other, together with others known and unknown to the grand jury, did unlawfully, knowingly, and intentionally attempt to assault attendees of a rival Bloods gang party, with dangerous weapons that is firearms, in violation of Nebraska Revised Statute 28-308, 28-309, and 28-206.

In violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT TWENTY-ONE

### *(Possession with Intent to Distribute: Marijuana)*

38. On or about May 12, 2025, in the District of Nebraska and elsewhere, defendant, MCKEITH BINGHAM, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT TWENTY-TWO

### *(Firearms Conspiracy)*

39. Between on or about January 1, 2023, and on or about October 31, 2025, in the District of Nebraska and elsewhere, defendants, GREGORY JEROME BAHATI a/k/a "Pooh Bear," MALIK D. BAHATI, II, a/k/a "Man Down," JOHNNY L. CHATMON, IV, a/k/a "JD," DESHAWN P. JACKSON, JAQUERIS J. ALLEN, MCKEITH M. BINGHAM, KEVIN RASHAD PIERCE, LAMAR D. GLOVER, a/k/a "Mar Mar," KAVION WRIGHT, a/k/a "KV," CAMERON J. WILLIAMS, DARNELL L. MATTHEWS, NOAH MCINTOSH, and ANTREVION MCNICHOLS, and others known and unknown to the grand jury, did knowingly conspire and agree with persons known and unknown to the grand jurors to knowingly possess firearms, including, but certainly not limited to, the following: 1) a 10 mm Glock Model 20 handgun; 2) AR-15 style .223 caliber rifle; 3) an AM-15 multi-caliber rifle; and 4) a 9 mm Ruger handgun; in furtherance of federally chargeable crimes of violence.

All in violation of Title 18, United States Code, Sections 924(o).

## COUNT TWENTY-THREE

### (Firearms Trafficking Conspiracy)

40. Between on or about January 1, 2023, and on or about October 31, 2025, in the District of Nebraska and elsewhere, defendants, GREGORY JEROME BAHATI a/k/a "Pooh Bear," MALIK D. BAHATI, II, a/k/a "Man Down," JOHNNY L. CHATMON, IV, a/k/a "JD," DESHAWN P. JACKSON, JAQUERIS J. ALLEN, MCKEITH M. BINGHAM, KEVIN RASHAD PIERCE, LAMAR D. GLOVER, a/k/a "Mar Mar," KAVION WRIGHT, a/k/a "KV," CAMERON J. WILLIAMS, DARNELL L. MATTHEWS, NOAH MCINTOSH, and ANTREVION MCNICHOLS, and others known and unknown to the grand jury, did knowingly conspire and agree with persons known and unknown to the grand jurors to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms, including, but certainly not limited to, the following: 1) a 10 mm Glock Model 20 handgun; 2) AR-15 style .223 caliber rifle; 3) an AM-15 multi-caliber rifle and 4) a Ruger 9 mm handgun; to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in section 932(a)).

All in violation of Title 18, United States Code, Sections 933(a)(3) and (b).

A TRUE BILL

_____
FOREPERSON

The United States of America requests that trial of this case be held in Omaha, Nebraska, pursuant to the rules of this Court.

_____
LESLEY A. WOODS, TX Bar #24092092
United States Attorney

19